JACKSON, *ex dem.* VAN ALEN, *against* C. I. HAM.

THIS was an action of ejectment which was tried before Mr. J. *Van Ness*, at the *Columbia* circuit, in 1816.

The plaintiff's lessor claimed as purchaser under an execution against *Wendell C. Ham*, and gave in evidence a judgment in an action for a *tort* in favour of *D. Van Alen*, against *W. C. Ham*, for 1019 dollars and 20 cents, docketed on the 1st of *November*, 1815 ; an execution issued thereon, tested in *October*, 1815, and returnable in *January* term, 1816, and a deed from one of the deputies of the sheriff of *Columbia* to the lessor of the plaintiff, dated *March* 11th, 1816. The defendant was in possession of the premises contained in the deed. It appeared that the defendant, in the spring of 1810, gave his son, *Wendell C. Ham*, a deed for part of the land contained in the sheriff's deed, expressed to be for the consideration of 250 dollars, no part of which, however, was paid, and the intent of the conveyance was to qualify his son to be an elector in that year. On the 9th of *July*, 1814, *W. C. Ham* reconveyed to the defendant, by deed of that date, in which the consideration was stated to be 250 dollars. The reconveyance was subsequent to the commencement of the suit in which the execution issued.

A verdict was taken for the plaintiff, subject to the opinion of the court on a case containing the facts above stated.

A, in 1810, conveyed a lot of land to B. for the purpose of qualifying him to be a voter, no consideration being paid, and A. still remaining in possession. An action for a *tort* was, afterwards, commenced against B., and during its pendency, in 1814, B. reconveyed the lot to A. A judgment was obtained against B., and the lot was sold under execution. Held, in an action of ejectment brought by the purchaser against the tenant in possession, that the reconveyance not being made to defraud creditors, was not void by the statute of frauds; nor could it be avoided by the purchaser under the execution, although a purchaser for valuable consideration ; for those voluntary deeds which the statute avoids as to a subsequent purchaser, must have been made with intent to deceive, the evidence of which is the voluntary conveyance coupled with a subsequent agreement to sell, which cannot be the case where the purchase is made, not of the party, but through the intervention of the law.

*Van Buren* (attorney-general) for the plaintiff, contended, that the deed of *W. C. Ham* to the defendant, was a mere voluntary conveyance, and was fraudulent and void as against creditors and *bona fide* purchasers. He cited, *Verplank* v. *Sterry*, 13 *Johns. Rep.* 536, in error, S. C. 1 *Johns. Ch. Rep.* 261. 268.    *Doe, ex dem. Ottley*, v. *Manning* 9 *East Rep.* 59—71.

*E. Williams*, contra, insisted, that this was not a voluntary conveyance ; that the deed expressed a consideration of 250 dollars, acknowledged to have been received by the grantor, and which had not been disproved. The defendant ought to have shown satisfactorily, that it was a mere voluntary conveyance.

SPENCER J. delivered the opinion of the court. The lessor of the plaintiff claims as a purchaser under a sale made by the sheriff of *Columbia* county, upon an execution founded on a judgment, docketed the 1st of *Nov.* 1815, against *Wendell C. Ham ;* and it appears that the defendant, in *April*, 1810, gave a deed to *Wendell* for about 20 acres of his farm, for the nominal consideration of 250 dollars, but which was not paid, to make him an elector. The defendant produced a deed from *Wendell* to him dated in *July*, 1814. re-conveying the same land for the expressed consideration of 250 dollars. The judgment against *Wendell* was for a tort, and the suit was commenced prior to the re-conveyance.

The point is, whether the re-conveyance by *Wendell* to the defendant, was fraudulent and void as against the purchaser at the sheriff's sale.

I cannot consider the deed of 1814 as a fraudulent or voluntary deed within the purview of the statute for the prevention of frauds ; nor, under the circumstances of this case, can I consider the lessor of the plaintiff as entitled to make the objection that it is either a fraudulent or voluntary deed.

It certainly was not made to defraud creditors ; for there was no debt in existence when it was given. It was not made with the intent to defraud *David Van Alen* of any

lawful action, but must be considered as the mere reconveyance of an estate conveyed for temporary purposes, and intended and expected to be reconveyed. This is to be inferred from the fact that no consideration was paid by *Wendell* to his father, and from the fact, also, that the father continued in possession.

The first deed may be said to have been a fraud on the election law, but, as between the parties, it was a valid deed. In considering whether the reconveyance was fraudulent, we have a right to regard the prior deed, which we find to have been entirely gratuitous; and even if it be admitted that no consideration was given for the reconveyance, yet inasmuch as possession was never taken under the first deed, and, consequently, *Wendell* never acquired any false credit from it, no one was deceived by it.

The lessor of the plaintiff, though certainly a purchaser for valuable consideration, could not but know that he was buying contested property, which he took for better and for worse ; and we have a right to say, that he knew that the deed from the defendant to *Wendell* was merely for the purpose of making him an elector, and that it had been given up. Those voluntary deeds which may be avoided by a subsequent purchaser under the 27 *Eliz.* ch. 4. are such as are made with intent to deceive such purchaser; and this intent to deceive is evidenced by a voluntary conveyance, coupled with a subsequent agreement to sell again; and it is not merely the accomplishment of the deceit on the purchaser which constitutes the fraud, but the deceitful intention in the seller manifested by his proceeding to the second sale. (*Roberts on Fraudulent Convey.* 35. and the cases there cited.) Here the seller is passive, and the lessor of the plaintiff is not a purchaser from him, but through the intervention of the law.

Judgment for the defendant.